A new trial should be granted, with costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 5, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]

———•●•———

THE PEOPLE, *ex rel.* Oliver M. Gilpatrick, *vs.* W. HATCH, County Judge of Allegany County.

The expenses of actions commenced or defended by the trustees of a school district, without a previous resolution of the district, and for which expenses, notwithstanding the want of a previous resolution, an assessment may be made upon the district by a vote of the inhabitants at a district meeting, or on appeal from their refusal, to the county judge, under sections 9 and 10 of title 13 of the act of 1864, "to revise and consolidate the general acts relating to public instruction," do not embrace *penalties*, which are expressly excluded from the operation of section 8.

It is only cases arising under section 8, which the county judge may review on appeal taken and heard as provided in sections 9 and 10.

Hence an appeal does not lie to the county judge from the refusal of a school district meeting to vote a tax to reimburse a trustee for the costs and expenses of an action brought by him, against a pupil, to recover the penalty imposed by the 3d section of said title, for disturbing the school.

CERTIORARI to the county judge of the county of Allegany.

*Omer Olney*, for the relator.

That the county judge erred in dismissing the appeal is evident, for the following reasons:

The People *v*. Hatch.

1st. Section 3 of title 13 of chapter 555 of the laws of 1864, authorizes the action or proceeding to be brought against "any person," &c., and section 4 prescribes the manner of proceeding.

2d. It is an action or proceeding involving the rights or interests of the district, as contemplated by section 7; because, by the provisions of section 3 of said title, the penalty or forfeiture goes to the benefit of the district.

·3d. The action or proceeding may be brought without a previous vote of the district. (*See* § 8, *same title.*)

4th. Section 4 of said title makes it the "duty of the trustee to prosecute;" and if he thereby incurs expenses on behalf of the district, equity and good faith demand that he be reimbursed.

5th. It was the duty of the county judge to entertain and decide the appeal, for the reason that the relator had complied with every requirement of the statute necessary to bring the case properly before the county judge; and section 10 of said title confers jurisdiction.

*E. A. Anderson,* for the respondent.

I. The county judge was correct in refusing to entertain the appeal. The proceedings under which these costs, expenses and charges accrued, were to recover a penalty, and were instituted on the relator's own motion. The language of the law is too plain for argument. It says: * * * "But this provision shall not extend to suits for penalties, nor to suits or proceedings to enforce the decisions of the superintendents of public instruction." (*See Code of Public Instruction,* 1868, *p.* 236, § 8; *Id. p.* 237, §§ 8 and 10.)

II. There can be no doubt concerning the construction of this statute, for the department of public instruction says: "It will be noticed that by sections 6 and 8, in suits for penalties, or to compel obedience to the decisions of the superintendent, the provisions of this title in respect

to costs, are not applicable." (*Code of Public Inst.* 1868, *p.* 238.)

III. In any view of 'the case, these are not the proper proceedings for the relator to institute.    1st. If the aid of this court is to be invoked in any manner in this case, it should be by a writ of mandamus, for that writ must be resorted to at last, if it so be that this court shall determine that the county judge had jurisdiction to entertain the appeal of the relator, should he still continue to refuse.to entertain it.    For this court, under this writ of *certiorari*, can only reverse or affirm the determination of the county judge, and no determination has been made; except that the county judge refuses to entertain the appeal; that is, he refuses to determine whether the relator is entitled to these costs and charges, or not.    2d.  The aid of this court should not have been invoked in any manner in this matter.    And this court cannot grant any relief to this relator, unless he establishes an indisputable legal right to such relief; for the reason that the law has provided another tribunal for the adjustment of all difficulties in respect to public schools, and the conduct and rights of school officers.    The superintendent of public instruction is that tribunal, and the one whose aid this relator should have invoked, and thus saved the costs, expenses and vexations incident to a litigation of this case in this court.    We quote from an opinion delivered by his honor E. DARWIN SMITH, at the Monroe special term, in June 1867, as expressing what we desire to say upon this point:  "The legislature clearly intended that all questions relating to the holding of school district meetings, and any and all official acts of school officers, trustees, commissioners, supervisors or others; relating to the conduct of common schools, or concerning any matter, act or duty required or performed under the law providing for the organization and maintenance of common schools, or any law relating or pertaining thereto, should or might be presented

The People *v.* Hatch.

on appeal to the superintendent of public instruction, and should be decided by him ; and when so decided, the act (*Act of* 1864, *title* 12, § 1,) relating to public instruction (*Sess. Laws, p.* 1244,) expressly declares that 'the decision of such superintendent shall be final and conclusive, and not subject to question or review in any place or court whatever.' I have no doubt this is a valid act, and that the legislature had ample power to pass it. It was designed to save and prevent litigation in the courts in respect to many questions of dispute constantly arising in the school districts of the State, in respect to school officers, and the conduct of such officers in the management and control of the affairs of the common schools. It seems to me that it was a wise and judicious provision to settle school controversies promptly and summarily, and save districts and district officers the trouble, vexation, strife and expense of litigation in the courts."

We will only add, that this relator should have appealed to the superintendent of public instruction, instead of to the county judge ; and after having appealed to the county judge, and his having refused to entertain the appeal, law, equity, and a desire to prevent strife, vexation and expense of litigation, should have prompted the relator to have sought the legitimate tribunal, instead of coming into this court as he has done.

IV. The statute does not authorize a trustee to bring an action, as this action was brought, against a pupil ; and the justice might legally refuse to convict, and the district to vote the tax, and the county judge to audit the claim, on that ground alone. What was the age of Hall? He was evidently between the ages of five and twenty-one. What his age was, the papers do not tell us ; and, really, it does not matter. He was a pupil ; and the statute provides another remedy as against him ; that of expulsion from the school. (*See Code of Public Instruction,* 1868, *pp.* 131, 132.) There is no rule of law or equity, or public policy, that would

authorize a trustee to prosecute a pupil in attendance upon one of our common schools. There was evidently something extraordinary, either in the conduct of Hall, or that of the relator. There is enough of this case to assume that the relator did not act in good faith; that he was actuated by some personal enmity, and not by a desire to promote the interests of the school. (*See remarks of State Supt., Code of* 1868, *p.* 132.)

The writ should be quashed, and these proceedings dismissed, with costs against relator.

*By the Court*, TALCOTT, J. This is a *certiorari* to bring up proceedings before the county judge of Allegany county, had under title 13, of chapter 555 of the laws of 1864; which chapter is entitled "An act to revise and consolidate the general acts relating to public instruction."

The return shows that the relator, being sole trustee of school district No. 7, in the town of Granger, in said county, prosecuted one George Hall, a pupil in the said school, for the penalty imposed by the 3d section of said title, for disturbing the school. (*Laws of* 1864, *p.* 1285.) What the grounds, or result of the said prosecution were, do not appear, otherwise than as it is to be inferred from the items of costs claimed by the relator, that the complaint was dismissed, or the defendant had a judgment in his favor. It does not appear that the relator was instructed by any district meeting to bring the action in question, so as to make the costs and expenses a charge upon the district, under the 7th section of said title. The 8th section of the title provides, that whenever any such trustee, &c., shall have brought or defended any such action, without any resolution of the district meeting, and shall present to a regular meeting of the inhabitants of the district an account of the costs, charges and expenses paid by him, or them, with the items verified, and a majority of the voters shall so direct, it shall be the duty of

The People *v.* Hatch.

the trustees to cause the same to be assessed, &c. (*Id. p.* 1287.) The 9th section provides for an appeal to the county judge in case the inhabitants of the district refuse to direct the trustees to levy a tax for the payment of such costs, charges and expenses. (*Ib.*)

The relator, it would seem, presented his account for the costs and expenses paid by him, in the action referred to, to a regular school district meeting, which refused to vote a tax to reimburse him for such expenses, and thereupon the relator appealed to the county judge. The county judge refused to entertain the appeal, upon the ground that the facts did not present a case within sections 8 and 9 of the said title, and that he had no jurisdiction to entertain the said appeal. This decision of the county judge was clearly correct. The action, for the expenses of which the relator claimed reimbursement, was an action for a penalty. The expenses of actions commenced or defended by the trustees without a previous resolution of the district, and for which expenses, notwithstanding the want of such previous resolution, an assessment may be made upon the district by a vote of the inhabitants at a district meeting, or on appeal from their refusal to the county judge under sections 9 and 10 of title 13, do not embrace suits for *penalties*, which are expressly excluded from the operation of section 8. And it is only cases arising under section 8, which the county judge may review on appeal taken and heard as provided in sections 9 and 10.

As we think the county judge was clearly right, we express no opinion as to whether the writ of *certiorari* would reach the case if we had been of the opinion that he had committed an error.

The writ of *certiorari* in this case should be quashed, with costs to be paid by the relator.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, September 4, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]